## PARSONS *v.* HUGHES.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

1. PLEADING AND PROOF—MATTERS WITHIN THE PLEADINGS.

In an action to recover a balance alleged to be due for "board and lodging" a recovery may be had for keeping a room for defendant during long absences from plaintiff's house.

2. EVIDENCE—COMPETENCY.

Where defendant in such case contends that plaintiff's claim had been allowed on the settlement of a debt due defendant from plaintiff's husband, it is not error to permit plaintiff to testify in answer to the question whether she thought her bill was paid when her husband's debt was settled, she having testified that defendant refused to allow the bill, and that she never authorized her husband to take less than the full amount.

Appeal from Westchester county court.

Action by Frances E. Parsons against Edward Hughes to recover for a balance of account for board and lodging. Defendant appeals from a judgment entered upon a verdict for plaintiff. Affirmed.

The complaint alleged that between June 1, 1885, and June 30, 1890, plaintiff, at the special instance and request of the defendant, furnished and provided to the said defendant board, lodging, soap, and starch, and performed work and labor in and about washing and ironing defendant's clothes, of the reasonable value of $1,491.70, on account of which defendant had paid $748 and no more. Plaintiff offered evidence at the trial that she had kept a room in her house in readiness for defendant during his long absences there-

from, and as to a reasonable charge therefor, which was admitted over defendant's objection as not covered by the complaint. Plaintiff also testified that she consented that her husband, a debtor of defendant, should make out her bill against defendant for board to offset defendant's claim against her husband, and was allowed, over defendant's objection, to testify in answer to the question: "Did you think that the bill was being paid at Mr. Dillon's office while you were there at any time?"

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Maurice Dillon,* for appellant. *Fred. Wm. Sherman,* for respondent.

BARNARD, P. J. The plaintiff is a married woman and lives with her husband. The defendant boarded at the house where plaintiff and her husband lived. The plaintiff gave evidence tending to show that she kept the boarding-house on her own account, and that the defendant boarded with her 1,336 days, which was worth one dollar per day. There was proof that the defendant had a room which was kept for him during absences, and some washing was done for him. The objection to the proof of the room rent was not good. The complaint claims for board and lodging. There is a sufficient averment to recover for a room when no board was furnished. The plaintiff's husband had borrowed money of the defendant, and these loans were sued, and paid by money and mortgages. The receipt given by the husband waived the claim for board. The plaintiff gave proof tending to show that the charge of one dollar a day was reasonable. The defendant testified that he paid what was due for board by credit upon the borrowed money, and that the entire claim was released beyond the $93 which was allowed to the plaintiff's husband upon the settlement; that this settlement was made with plaintiff's assent. The plaintiff's husband testified that no credit for board was made upon the settlement for the notes; that he had his wife's assent to an application of the board bill upon the account, and that the defendant refused to make the offset because the business of the boarding-house belonged to the plaintiff. The case was given to the jury under a charge which fairly presented the issues between the parties. What was the value of the board and lodging? Was it paid in whole or in part to the plaintiff? Was it allowed to the plaintiff's husband upon the settlement of the notes? The jury found in favor of the plaintiff for the amount she claims to be the balance due her. This appeal is but a reargument of the case upon the facts which were passed upon by the jury. The question put to the plaintiff, whether she thought her bill was paid at the office where her husband's debt was settled, was not erroneous. It appeared that there was a receipt given by plaintiff's husband in the settlement which was claimed to include the plaintiff's board bill. The plaintiff had testified that she was present; that the defendant refused to allow the bill; that she never authorized her husband to take less than the full bill, and she did not think that the board bill was being paid at any time. The conclusion of the jury is well supported by the evidence, and the judgment should be affirmed, with costs.